UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAMI DUVALL, Petitioner, | ) | |
| v. | ) | No. 1:25-cv-01239-SEB-TAB |
| STATE OF INDIANA, Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS, DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Tami Duvall petitions for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her 2011 Bartholomew County, Indiana, convictions for murder, insurance fraud, and obstruction of justice. Respondent moves to dismiss the petition as untimely and procedurally defaulted. For the reasons explained below, the Court **grants** Respondent's motion to dismiss, **dismisses** Ms. Duvall's petition, and declines to issue a certificate of appealability.

## I. Background

A jury convicted Ms. Duvall after trial of murdering her estranged husband, Alan Duvall, in August 2007. *See Duvall v. State*, 978 N.E.2d 417, 420–21 (Ind. Ct. App. 2012). It was initially believed that Alan died of alcohol poisoning because he had a blood-alcohol content of 0.436% when he died. *Id.* at 420. But an autopsy revealed that his blood also "had a morphine concentration of 6,590 nanograms per milliliter (approximately 100 times a therapeutic dose) and 3,229 nanograms per milliliter of cyclobenzaprine, a muscle relaxer (approximately eight times a therapeutic dose)." *Id.* at 421.

An investigation showed that Alan and Ms. Duvall had financial problems, and Ms. Duvall "had encouraged Alan to procure a $100,000 life insurance policy and name her as the beneficiary"

shortly before his death. *Id.* A witness also documented that a bottle of Roxanol, a liquid form of morphine used for hospice patients, had disappeared from Miller's Merry Manor, where Ms. Duvall worked as a nurse's aide. *Id.* The State charged Ms. Duvall with murder, six counts of insurance fraud, and three counts of obstruction of justice. *Id.* at 421–22. The jury convicted her of all charges, and she was sentenced to a total sentence of 60.5 years' imprisonment. *Id.* at 422.

Ms. Duvall appealed, challenging the admission of evidence and her multiple convictions of insurance fraud and obstruction of justice. *Id.* at 420. The Court of Appeals of Indiana rejected her evidentiary challenges and affirmed her murder conviction. *Id.* at 422–28. But the Court of Appeals found that Ms. Duvall's "conduct was continuous so as to constitute one offense of Insurance Fraud and one offense of Obstruction of Justice" and vacated all but one count each of those charges, though her sentence was unchanged. *Id.* at 428. On January 17, 2013, the Indiana Supreme Court denied Ms. Duvall's petition to transfer. Dkt. 30-2 at 8; *Duvall v. State*, 981 N.E.2d 58 (Ind. 2013). Ms. Duvall did not petition for a writ of certiorari in the U.S. Supreme Court.

Ms. Duvall did not seek state postconviction relief until March 11, 2016. Dkt. 30-3 at 1 (Case No. 03C01-1603-PC-001512, *available at* mycase.IN.gov). Although the docket in her postconviction proceedings is unclear, postconviction relief was ultimately denied; and her appeal was dismissed with prejudice on March 17, 2025, for failing to file an appellant brief. Dkt. 30-4 at 3 (Case No. 24A-CR-02978, *available at* mycase.IN.gov); *see* Ind. App. R. 45(D).

Ms. Duvall filed her federal petition on June 20, 2025, initially with Mark Marvin as "Next Friend." Dkt. 1. The Court dismissed Marvin and ordered Ms. Duvall to file a signed, amended petition, dkt. 15, which she did on June 23, 2026, dkt. 28. The Court then ordered Respondent to show cause why relief should not be granted. Dkt. 29. On July 29, 2026, Respondent filed a motion to dismiss, dkt. 30, which is ready for this Court's decision.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that she is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of the Antiterrorism and Effective Death Penalty Act of 1996. *Williams v. Taylor*, 529 U.S. 362, 404 (2000).

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A petitioner may be entitled to equitable tolling if she shows "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner may also avoid dismissal under § 2244(d) by showing actual innocence based on new evidence that was not

presented at trial. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016).

## III. Discussion

Respondent argues that Ms. Duvall's amended petition must be dismissed because it is untimely, and her claims are procedurally defaulted. Dkt. 30. Ms. Duvall counters that her amended petition should not be barred from review because the State, through the Indiana Department of Correction ("IDOC"), harassed her and confiscated and destroyed her legal materials, which prevented her from bringing her petition earlier. Dkt. 31. She also asserts that she is actually innocent of murder, so she should be excused from the one-year filing deadline and from exhausting her claims in state court. *Id.*; dkt. 32.

### A. Timeliness

The Court agrees with Respondent that Ms. Duvall's amended petition is untimely. Ms. Duvall's conviction and sentence became final on April 17, 2013, which was 90 days after the Indiana Supreme Court denied transfer of her direct appeal. *See* S. Ct. R. 13(1) (providing 90 days after entry of judgment to seek certiorari to the United States Supreme Court); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Therefore, the one-year period of limitation began running the next day, April 18, 2013, and ended on April 17, 2014. Ms. Duvall did not file her federal habeas petition within that year.

Nor did Ms. Duvall file her state petition for postconviction relief during that year. She filed that petition on March 11, 2016. Because the one-year period under § 2244(d) had already elapsed when she filed her state postconviction petition, it did not toll her time to bring a federal petition. *See Teas v. Endicott*, 494 F.3d 580, 582–83 (7th Cir. 2007); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition [for post-conviction relief]

. . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (internal quotation omitted)).

**B. Equitable Tolling**

Ms. Duvall asserts that she should be entitled to equitable tolling of the one-year statute of limitations because the State prevented her from filing her federal petition by confiscating and destroying her legal materials. Ms. Duvall may be entitled to equitable tolling if she shows "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland*, 560 U.S. at 649)). As the petitioner, Ms. Duvall bears the burden to demonstrate that equitable tolling is warranted. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Ms. Duvall has not satisfied either of these criteria. Ms. Duvall asserts in her amended petition that IDOC officials confiscated her legal work, but not until August 12, 2024. Dkt. 28 at 1–2. She says she had to rely on "her Next Friend" Mark Marvin to file documents for her in the Court of Appeals of Indiana and in other federal civil litigation. *Id.* at 2. These allegations, and documents she included in her amended petition, show that any alleged State interference did not occur until 2024 or even 2025—several years after her one-year deadline to file had elapsed. *See id.* at 24–28. So, even if the State did interfere with Ms. Duvall's ability to file her federal petition sooner, that interference had no effect on her ability to *timely* file a federal habeas petition.

Because Ms. Duvall has not shown that an extraordinary obstacle prevented her from timely filing her federal petition, she is not entitled to equitable tolling. *See Mayberry v. Dittman*, 904 F.3d 525, 530 (7th Cir. 2018). But even if she had satisfied that requirement, she has also failed to provide any evidence showing that she was diligently pursuing her rights between April 2013 (when her conviction became final) and April 2014 (when the one-year deadline passed) or

March 2016 (when she brought her state postconviction petition). *See Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) (reasoning that petitioner's failure to pursue his rights for months at a time weighed against equitable tolling). Ms. Duvall is not entitled to equitable tolling of the one-year deadline to file her habeas petition.

**C. Actual Innocence**

Ms. Duvall alternatively asserts that she should be excused from the one-year filing deadline because she is actually innocent. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." *Perkins*, 569 U.S. at 386. Ms. Duvall's "gateway claim of actual innocence . . . could be viable only if [she] presents evidence not previously considered." *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). This "new reliable evidence" may "be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," but it must not have been "presented at trial." *Schlup*, 513 U.S. at 324. Ms. Duvall "must show that it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence." *Id.* at 327.

Ms. Duvall has not identified any new evidence that would persuade a reasonable juror of her innocence. Ms. Duvall contends that Alan Duvall was an alcoholic, "had a lethal amount of alcohol in his body and died by his own actions." Dkt. 28 at 3 (capitalization omitted). She asserts that Alan "died from mutually exclusive alcohol and morphine poisoning, the pathology reports and evidence are contradictory and worthless and not probative of a homicide . . . and the government failed to meet its burden of proof." *Id.* at 4. This "evidence" is not new. As the Court of Appeals of Indiana recounted, State officials "initially believed that Alan . . . died of alcohol poisoning." *Duvall*, 978 N.E.2d at 420. And a pathologist testified at trial "that Alan died of an

overdose of morphine." *Id.* at 426. Whether Ms. Duvall presented this theory of "mutually exclusive" poisoning to the jury is irrelevant. All that matters is that this information about Alan's alcohol level at the time of his death is not new evidence; and without new evidence, her claim of actual innocence cannot excuse her untimely petition.

**D. Procedural Default**

The Court also notes that, even if Ms. Duvall's petition were timely, her claims are procedurally defaulted. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Federal habeas relief is generally foreclosed where a claim is procedurally defaulted, which occurs "when a petitioner fails to 'fairly present' his claim to the state courts . . . [by] assert[ing] that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). "If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). Procedural default can also occur if the state court rejects a federal claim based on a state procedural rule "that is both independent of the federal question and adequate to support the judgment." *Clemons v. Pfister*, 845 F.3d 816, 819 (7th Cir. 2017) (internal quotation omitted).

Ms. Duvall's amended federal petition seeks to raise two claims: 1) the evidence was insufficient to support her murder conviction; and 2) her trial and appellate counsel were ineffective.[1] Dkt. 28. The record shows that Ms. Duvall did not raise either of these claims through

[1] To the extent that Ms. Duvall also sought to raise a freestanding claim of actual innocence, neither the Seventh Circuit nor the Supreme Court has "held that actual innocence claims, standing alone—separate and apart from any constitutional error—could support habeas relief." *Cal v. Garnett*, 991 F.3d 843, 850–51 (7th Cir. 2021).

one full round of state review. On direct appeal, she challenged only certain evidentiary rulings and her convictions of multiple counts of insurance fraud and obstruction of justice. *Duvall*, 978 N.E.2d at 42; dkt. 5 (Ms. Duvall's direct appeal brief). She did not challenge the sufficiency of the evidence to support her conviction. It is not clear what claims Ms. Duvall raised in her state postconviction petition. But even assuming she raised her ineffective-assistance claims, her appeal from the denial of that petition was dismissed for failing to file an opening brief, which is an independent and adequate procedural basis for dismissing her federal claim. *See* dkt. 30-4 at 3; Ind. App. R. 45(D). Because she did not raise either of the claims in her amended petition through one full round of state court review, and perhaps did not raise them in *any* state court, they are procedurally defaulted. And because they are defaulted, the Court would dismiss Ms. Duvall's amended petition even if it were timely filed.

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could conclude that Ms. Duvall's

amended petition is timely, that she is entitled to equitable tolling, that she is actually innocent, or that her claims are not procedurally defaulted. Therefore, a certificate of appealability is **denied**.

## V. Conclusion

For the reasons explained, Respondent's motion to dismiss, dkt. [30], is **granted**. The amended petition for a writ of habeas corpus, dkt. [28] is **dismissed with prejudice**. A certificate of appealability shall not issue.

Final Judgment consistent with this Order shall issue separately.

**IT IS SO ORDERED.**

Date: 11/10/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TAMI DUVALL
215966
INDIANA WOMENS PRISON
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov